# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMI JAMES,<br><br>    Plaintiff,<br><br>v.<br><br>KELLY OFFICE MACHINES INC.<br>D/B/A KELLY OFFICE SOLUTIONS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)    Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JAMI JAMES ("Plaintiff" or "James"), files their Complaint against the Defendant, KELLY OFFICE MACHINES INC. D/B/A KELLY OFFICE SOLUTIONS ("Defendant" or "Kelly"), and states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, injunctive relief, and other equitable relief brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), as applicable. Plaintiff alleges that Defendant engaged in unlawful employment practices based on sexual harassment, in violation of the aforementioned laws. These actions include, but are not limited to, harassment.

## JURISDICTION

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events, or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, James, is a citizen of the United States was at all times material a resident of this District.

5. Defendant, Kelly, is a For-Profit Corporation that operates in this district.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On February 24, 2025, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b)and (e), based on sexual harassment and retaliation.

9. Plaintiff's EEOC charge was filed within one hundred eighty (180) days after the allegedunlawful employment practices occurred.

10. On June 30, 2026, the EEOC issued a Determination of Charge and Notice of Right to Sue.

11. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12. Plaintiff is a Female.

13. Defendant subjected Plaintiff to severe and pervasive sexual harassment and

2

retaliation through the conduct of Benny Malicoat, David Bates, and Dale Fartin.

14. Beginning within approximately the first month of Plaintiff's employment, Mr. Malicoat made lewd and sexually suggestive comments regarding Plaintiff's appearance, including comments about Plaintiff's "chest size" and "figure."

15. Mr. Malicoat also displayed photographs of sexual vibrators on his computer and asked Plaintiff to "pick one out."

16. On one particularly egregious occasion, Mr. Malicoat positioned his crotch directly in front of Plaintiff's face and stated, "It's 12 inches; want to see it?"

17. Mr. Bates and Mr. Malicoat repeatedly subjected Plaintiff to additional sexual harassment by propositioning Plaintiff, requesting nude photographs, and making sexually explicit comments, including, "How much money would it take to see you topless?," "Do you ever do OnlyFans?," and "Have you ever fucked your boss?"

18. In or around June 2024, Plaintiff reported the ongoing sexual harassment to Sharon Glickman, Vice President.

19. While Plaintiff attempted to describe the specific acts of harassment, Ms. Glickman stated that she "did not want to hear any more" and instructed Plaintiff to contact Human Resources, despite Defendant not maintaining a dedicated Human Resources department.

20. Defendant failed to investigate Plaintiff's complaints or take any meaningful remedial action, allowing the harassment to continue on a weekly basis.

21. In or around December 2024, Mr. Fartin escalated the harassment by slapping Plaintiff on the buttocks in the workplace while commenting that Plaintiff needed "tighter pants" so he could "see your camel toe."

22. On December 11, 2024, Defendant required Plaintiff to participate in a sales ride-

3

along with Chris Taylor, a distributor's employee, who showed Plaintiff sexually explicit photographs while they were traveling together.

23. Plaintiff immediately reported this incident to Ms. Glickman, who again instructed Plaintiff to "contact Human Resources" and failed to take any corrective action.

24. Plaintiff continued to pursue relief and, on January 19, 2025, reported the ongoing harassment to Claudia Orillaza, Marketing/Events Coordinator, who escalated Plaintiff's complaint through Defendant's management.

25. During a meeting in Greensboro on January 19, 2025, Plaintiff expressly stated, "I will not be taken advantage of for being a woman," and made clear that Plaintiff would no longer tolerate Defendant's failure to address the repeated complaints of sexual harassment.

26. Later that same day, Tim Renegar, Owner, instructed Plaintiff to work from home while the individuals responsible for the harassment remained in the workplace.

27. Defendant further retaliated against Plaintiff by interfering with Plaintiff's sales opportunities and compensation structure.

28. Defendant failed to take prompt or effective corrective action, failed to discipline the perpetrators, and permitted the hostile work environment to continue despite repeated complaints.

29. The continuing harassment and retaliation caused Plaintiff severe emotional distress, anxiety, and other mental and emotional injuries, requiring Plaintiff to seek medical treatment and take anxiety medication to cope with the effects of Defendant's unlawful conduct.

30. As a direct and foreseeable result of Defendant's unlawful discrimination, retaliation, and failure to correct the hostile work environment, Plaintiff was constructively discharged from employment.

4

## Count I:Sex Based Discrimination in Violation of Title VII

31. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30, above.

32. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

33. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of their sex, Female.

34. Defendant is prohibited under Title VII from discriminating against Plaintiff because of their sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

35. Defendant violated Title VII by constructively discharging and discriminating against Plaintiff based on their sex.

36. Defendant intentionally discriminated against Plaintiff on the basis of their sex.

37. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

38. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

39. Sexual Harassment in Violation of Title VII

## Count II: Sexual Harassment in Violation of Title VII

40.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30, above.

41.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of their sex, Female.

42.     Defendant's sexually harassing actions and comments were so frequent and severe that it created a hostile work environment.

43.     The hostile work environment was objectively and subjectively offensive.

44.     Defendant's sexually harassing actions and comments were based on Plaintiff's sex, Female.

45.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

46.     Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count III: Retaliation in Violation of Title VII

47.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30, above.

48.     Plaintiff engaged in protected activity under Title VII while employed by

6

Defendant.

49. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

50. Defendant's conduct violated Title VII.

51. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

52. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling them to compensatory damages.

53. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling them to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff their costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

7

Respectfully Submitted:
**/s/ <u>Gary Martoccio</u>**
Gary Martoccio, Esq.
{North Carolina Bar No. 54125}
**Martoccio Law Group**
2101 W. Platt St. Suite 200
Tampa, Florida 33606
T: (813) 725-3279
gary@martocciofirm.com
*Counsel for Plaintiff*

8